IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00406 JMS |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING OR |
| | ) | DISMISSING MOTION UNDER |
| vs. | ) | FEDERAL RULE OF CIVIL |
| | ) | PROCEDURE 60(B)(6) TO REOPEN |
| JOSE DIAZ, | ) | HABEAS PROCEEDINGS; AND |
| | ) | (2) DENYING CERTIFICATE OF |
| Defendant. | ) | APPEALABILITY |
| _____ | ) | |

**ORDER (1) DENYING OR DISMISSING MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)(6) TO REOPEN HABEAS PROCEEDINGS; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Currently before the court is Defendant Jose Diaz' ("Defendant" or "Diaz") "Motion Under Federal Rule of Civil Procedure 60(b)(6) to Reopen Habeas Proceedings." Doc. No. 104. Construing all allegations in favor Defendant (who is incarcerated and proceeding *pro se*), the Motion seeks to reopen prior 28 U.S.C. § 2255 habeas proceedings under Rule 60(b)(6),[1] asserting

---

[1] The Rule provides:

On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:

. . . .

(continued...)

that "extraordinary circumstances" affecting "the integrity of the federal habeas proceedings" justify their reopening. *See id*. at 3; *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.5 (2005) (recognizing an exception from the rule that a prisoner may not rely on Rule 60(b)(6) to raise a "second or successive" claim in federal habeas proceedings "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings").

Defendant's Motion, however, seeks to raise ineffective assistance of counsel claims. Such claims do not challenge a "defect in the integrity" of prior habeas proceedings, and thus the court lacks authority to consider the merits of the Motion because Defendant has not obtained prior certification from the Ninth Circuit to file a "second or successive" post-conviction petition. *See, e.g.*, *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011); 28 U.S.C. § 2255(h). Rather, Defendant's recent § 2255 proceedings were denied because the motions

---

[1](...continued)
  (6) and other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

were time-barred by nearly four years.[2]  *See* Doc. No. 99, Order at 2; Doc. No. 103, Order at 4.

Most of the claims in the Motion also fail for a completely independent reason -- Defendant attempts to raise ineffective assistance of his appellate counsel in connection with a withdrawal of his appeal of his conviction and sentence, but this court lacks authority to review matters that occurred before the Ninth Circuit and to reinstate an improperly withdrawn appeal.  *See, e.g.*, *Williams v. United States*, 307 F.2d 366, 368 (9th Cir. 1962) ("[A] section 2255 proceeding [cannot] be utilized as a method of reviewing the action of [the Ninth Circuit] in dismissing an appeal."), *overruled on other grounds by Kaufman v. United States*, 394 U.S. 217 (1969).  Any such remedy would appear to be by way of a motion directed to the Ninth Circuit.  *Id*.

---

[2]  Diaz has filed many documents with the court that could be construed as being filed under § 2255.  *See* Doc. No. 94 ("Motion to Reduce Sentence"); Doc. No. 96 (letter seeking reconsideration); Doc. No. 98 (response to Order to Show Cause, asking the court to "review my case and consdere [sic] my sentence" because of ineffective assistance of counsel); Doc. No. 100 (letter from Diaz stating "this letter is to inform you IF I can make a motion under 28 U.S.C. § 2255 to Vacate Set Aside or Correct Sentence"); and Doc. No. 102 ("Motion for Certificate of Appealability [or] Motion to Vacate, Set aside, or Correct Sentence under 28 U.S.C. § 2255").  It is unclear which of these proceedings Diaz seeks to reopen, but the court has specifically construed Doc. Nos. 98 and 102 as being brought (or conceivably being brought) under § 2255 in denying relief.  The court construes the instant Motion as directed towards these two proceedings.

## II. BACKGROUND

On August 2, 2006, Diaz pled guilty to (1) conspiracy to possess with intent to distribute fifty grams or more of methamphetamine (Count 1); (2) criminal forfeiture of $30,200 seized on October 18, 2004 from a mail parcel addressed to Diaz' address (Count 2); and (3) criminal forfeiture of $14,873 seized on May 7, 2005 from Diaz' residence (Count 3). On October 6, 2008, the court sentenced Diaz, in part, to 180 months incarceration. Judgment entered on October 17, 2008. On October 22, 2008, Diaz appealed the Judgment, and on February 26, 2009, the Ninth Circuit granted Diaz' renewed motion for voluntary dismissal of the appeal.

Nearly five years later, on December 4, 2013, Diaz filed a Motion to Reduce Sentence, alleging (1) "I never had the chance to appeal;" and (2) "my sentence was [imposed] way [too] much." Doc. No. 94, Mot. at 1-2. An Order Denying Motion to Reduce Sentence was filed December 10, 2013. Doc. No. 95. On January 6, 2014, Diaz filed a Motion to Reconsider Petition to Reduce Sentence ("Motion to Reconsider") in which he argued that he is entitled to relief based upon ineffective assistance of counsel. Doc. No. 96.

On January 13, 2014, the court denied the Motion to Reconsider and issued an Order to Show Cause as to Whether Diaz Intends the Court to Construe

the Motion to Reconsider as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("OSC").  Doc. No. 97.  On February 3, 2014, Diaz filed his Response to the OSC.  Doc. No. 98.  In his Response, Diaz reiterated the merits of his argument for ineffective assistance of counsel, and again urged the court to review his case.  On February 12, 2014, the court determined that the Motion, to the extent it sought relief pursuant to 28 U.S.C. § 2255, was untimely and denied the request for relief.  Doc. No. 99.[3]

On June 30, 2014, Diaz filed a "Motion for Certificate of Appealability, Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255" with the Ninth Circuit, which was subsequently forwarded to this court.  Doc. No. 102.  The court construed that Motion as seeking post-conviction habeas

---

[3] Although not clear, Diaz' Response appears to have raised ineffectiveness of both trial *and* appellate counsel.  *See* Doc. No. 98, Response at 1 ("I pledge [sic] guilty by my attorney recomendations [sic]."); *id.* ("I told my [trial attorney] . . . and he advice do not said nothing about that.'); *id.* at 4 ("When I appealed my attorney told me not to do it[.]").  Although the court denied that Motion as untimely (which it clearly was), upon further review of the entire record, the court apparently only had authority to review the claims of ineffectiveness of *trial* counsel.  That is, this court lacked authority over any claim of ineffectiveness of *appellate* counsel seeking to have Diaz' prior appeal reinstated.  *See, e.g.*, *Williams*, 307 F.2d at 368; *see also Simmons v. United States*, 2013 WL 3455770, at *11 (D. Haw. July 9, 2013) ("[Defendant] is effectively asking this court to change what happened before the Ninth Circuit.  The court cannot review what happened before the Ninth Circuit, and cannot recall the mandate and/or reinstate [Defendant's] appeal.").

5

corpus relief pursuant to § 2255, and denied it because it was untimely.[4]  The court

reiterated its conclusion from the February 12, 2014 Order, explaining:

> Section 2255(f) outlines the potential deadlines for filing a § 2255 Motion, and Diaz' § 2255 Motion is untimely under all of them -- Diaz waited nearly five years to seek review of his judgment, well past the one-year deadline outlined in § 2255(f)(1); Diaz is not asserting that a governmental impediment prevented him from bringing this Motion, that he recently learned new facts that were previously unavailable, or that the law has changed such that §§ 2255(f)(2) - (f)(4) do not apply; and he does not indicate any circumstances that would entitle him to equitable tolling.

Doc. No. 103, Order at 4.

### III.  **DISCUSSION**

**A.     The Current Motion Brought Under Rule 60(b)(6)**

On October 6, 2014, Diaz filed the current Motion, asserting that the

withdrawal of his prior appeal, and/or the court's denial of his subsequent requests

to review his conviction, "affected the 'integrity,' fairness or public reputation of

the judicial proceedings."  Doc. No. 104, Mot. at 2 (emphasis omitted).  As he has

done in several of his post-conviction filings, he makes these claims primarily

because of ineffective assistance of counsel.  He claims he "[c]an prove . . . that

---

[4] That Motion did not raise ineffectiveness of appellate counsel -- rather, it contended that the court failed to consider sentencing factors in 18 U.S.C. § 3553(a), and that "on my plea agreement[,] my attorney told me that will be less than 10 years and I was sentenced to 180 months." Doc. No. 102, Mot. at 2.

6

Counsel 'abandoned' the case and Prevented him From being heard, either [through] counsel or pro se. The judgment is void." *Id.* at 3. Defendant seeks "a reopening of the habeas under [Rule] 60(b)(6), for relief from prior judgment for a variety of narrow reasons such as 'mistake - fraud' under [Rule] 60(b) -- For any other reason justifying relief from the operation of judgment." *Id*. (emphasis omitted). His primary theory is "that he failed to argue [in prior habeas proceedings] that Counsel in his appeal had been Constitutionality eneffective [sic] in failing to appeal Sentence errors." *Id.*[5]

## B. The Court Lacks Authority to Consider the Motion's Merits -- The Motion Is "Second or Successive" for Purposes of § 2255(h)

The federal habeas corpus statutes prohibit multiple habeas proceedings. In particular,

> [a] petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

---

[5] In fact, however, the Ninth Circuit docket indicates that Diaz signed a "Consent to Withdraw Appeal," which stated that "I, Jose Diaz, having been advised by my lawyer of the issues that may be raised on appeal and otherwise being fully informed of my right to appeal hereby, nonetheless consent to the withdraw[al] of my appeal filed in this case." *United States v. Diaz*, No. 08-10460 (9th Cir. Feb. 11, 2009), Doc. No. 7 at 6.

> that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting 28 U.S.C. § 2255(h)). Although a Rule 60(b) Motion is not -- by title -- a motion under § 2255, *Gonzalez* held that a prisoner may not rely on Rule 60(b) to circumvent the rule prohibiting "second or successive" petitions without prior approval from a court of appeals. 545 U.S. at 531. Specifically, *Gonzalez* concluded (in addressing a proceeding under 28 U.S.C. § 2254) that "a Rule 60(b) motion filed by a habeas petitioner is a 'habeas corpus application' as [28 U.S.C. § 2244(b)(2)] uses that term." *Id*. at 530. "[S]uch a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531. And the Ninth Circuit later extended *Gonzalez* from a § 2254 context (attacking state custody) to a § 2255 context (challenging federal custody). *Buenrostro*, 638 F.3d at 722.

Diaz' Motion is thus "second or successive," and he has not obtained certification from the Ninth Circuit under § 2254(h) to bring this action. Accordingly, unless an exception applies, the court lacks authority to proceed to review its merits (although the petition itself would be time-barred, and -- as

8

explained further below -- the court otherwise lacks the power to consider claims raising ineffectiveness of appellate counsel).

Diaz attempts to fit within an exception to this rule. "*Gonzalez* recognized that a 'defect in the integrity of the federal habeas proceedings,' such as 'fraud on the habeas court,' might justify reopening § 2255 proceedings under Rule 60(b)." *Buenrostro*, 638 F.3d at 722 (citing *Gonzalez*, 545 U.S. at 532 & n.5). Such circumstances, however, "will rarely occur in the habeas context," and require "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535.

But Diaz cannot fit within this rare circumstance -- he offers nothing to indicate a "defect in the integrity" of prior proceedings. He attempts only to raise ineffective assistance of counsel claims. *See* Doc. No. 104, Mot. at 3 ("Counsel in his appeal had been constitutionality eneffective [sic] in failing to appeal Sentence errors"); *id.* ("Counsel '<u>abandoned</u>' the case and Prevented him From being heard"); *id.* at 6 ("Diaz was substantially prejudiced by Counsel's errors, because the Court imposed an unlawfull [sic] sentence on him and he is '<u>actually innocent</u>' of his charge."). As analyzed in the court's earlier Orders, such claims should have been brought -- if at all -- much earlier. They do not raise anything challenging "the integrity" of prior habeas proceedings. *See Buenrostro*, 638 F.3d at 722 (rejecting ineffective assistance of counsel claims under Rule

60(b)(6) as "second or successive," reasoning that "[t]o show a defect in the integrity of his first § 2255 proceeding, [Defendant] must point to something that happened during that proceeding that rendered its outcome suspect").

In short, the court lacks the authority to review the merits of the Motion.  *See* § 2255(h); *see also* R. 9 Governing § 2255 Cases in the U.S. Dist. Cts. ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). Accordingly, the Motion is DENIED.

C. **Most of the Claims in the Motion Fail for an Independent Reason -- The Court Lacks Authority to Review Claims of Ineffectiveness of Appellate Counsel and to Reinstate a Wrongfully-Dismissed Appeal**

As described above, although Diaz purports to seek relief under Rule 60(b)(6), the Motion appears to raise ineffectiveness of both trial and appellate counsel.  It alleges trial errors.  *See* Doc. No. 104, Mot. at 1 ("[T]here were errors on his Conviction and Sentencing, that his First defense Attorney [Hernandez and Campa] were innefective [sic] For Failure to raise properly a challenge to the errors.").  It also alleges ineffectiveness of appellate counsel by raising the circumstances by which he withdrew his appeal of his conviction and sentence. *See id.* at 2 ("[B]ut For the recomendation [sic]of my last counsel [Schweigert]

Diaz Voluntary dismissal of the appeal."); *id.* at 3 ("[Diaz seeks] to reopen his habeas proceedings, on the theory that he Failed to argue that Counsel in his appeal had been Constitutionality eneffective [sic] in Failing to appeal Sentence errors.").

This court, however, lacks authority to review and remedy Defendant's alleged ineffectiveness claim regarding appellate counsel -- Defendant is effectively seeking to reinstate his direct appeal before the Ninth Circuit (an appeal that he withdrew in 2009, based on assistance of appellate counsel that Defendant apparently believes was ineffective).

> [A] section 2255 proceeding [cannot] be utilized as a method of reviewing the action of [the Ninth Circuit] in dismissing an appeal. If an appeal is improvidently dismissed in [the Ninth Circuit] the remedy is by way of a motion directed to [the Ninth Circuit] asking for a recall of the mandate or certified judgment so that [the Ninth Circuit] may determine whether the appeal should be reinstated. The recall of the mandate or certified judgment for such a purpose is entirely discretionary with [the Ninth Circuit].

*Williams*, 307 F.2d at 368; *see also Simmons*, 2013 WL 3455770, at *11 ("The court cannot review what happened before the Ninth Circuit, and cannot recall the mandate and/or reinstate [Defendant's] appeal."); *id.* at *10 (citing cases indicating that a district court lacks jurisdiction over habeas claims challenging

events on appeal).[6] The court cannot adjudicate ineffective assistance of appellate counsel claims that seek to reinstate an appeal. To that extent, the court also DISMISSES those claims (regardless of whether the Motion is also an impermissible "second or successive" habeas proceeding).

## D. Certificate of Appealability

To the extent that this is a "final order," the court addresses whether to issue a certificate of appealability. *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A

---

[6] *Simmons* also recognized that some Ninth Circuit authority has not strictly followed this rule:

> The Ninth Circuit has assumed in some cases (without specifically addressing) that the district court had jurisdiction to decide claims alleging ineffective assistance of appellate counsel. *See, e.g.*, *United States v. Gamba*, 541 F.3d 895, 896 (9th Cir. 2008) (affirming district court's denial of § 2255 motion arguing that appellate counsel was ineffective by failing to raise certain arguments on appeal); *United States v. Skurdal*, 341 F.3d 921 (9th Cir. 2003) (reversing district court's determination that defendant was not deprived effective assistance of appellate counsel); *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir. 1986) (affirming district court's determination that claimant failed to establish prejudice on claim that appellate counsel provided ineffective assistance of counsel by failing to appear at oral argument and file a reply brief).

2013 WL 3455770, at *11. But whether as a matter of jurisdiction or of discretion, it would be improper in this instance for this court to address Diaz' claims of ineffectiveness of appellate counsel where Defendant is (1) challenging events occurring before the Ninth Circuit, and (2) seeking to reinstate his appeal. The court lacks such authority. *Williams*, 307 F.2d at 368.

certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). The petitioner is required to demonstrate "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity but something less than a merits determination." *Id*. (internal quotation marks omitted).

Upon a careful review of Diaz' arguments and based on the above analysis, the court finds that reasonable jurists could not find debatable the court's determination that it lacks authority (1) to review the merits because the Motion under Rule 60(b)(6) is "second or successive" for purposes of § 2255(h), and (2) to review Diaz' ineffective assistance of appellate counsel claims. Accordingly, the court DENIES a certificate of appealability.

## IV. <u>CONCLUSION</u>

The present Motion is "second or successive" for purposes of 28 U.S.C. § 2255(h). Diaz has not obtained the necessary certification from the Ninth

13

Circuit to proceed under either § 2255(h)(1) or (2). Accordingly, the court DENIES the Motion. This denial, however, is without prejudice to the Motion being refiled if Diaz obtains the necessary certification.

Independently, the court DISMISSES claims seeking to review the effectiveness of appellate counsel -- such claims belong, if at all, in an appropriate motion before the Ninth Circuit.

The court also DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 14, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Diaz*, Cr. No. 06-00406 JMS, Order (1) Denying or Dismissing Motion under Federal Rule of Civil Procedure 60(b)(6) to Reopen Habeas Proceedings; and (2) Denying Certificate of Appealability